UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

——————————————

№ 12-cv-0108 (JFB)(WDW)

——————————————

NICHOLAS DOLCE,

Plaintiff,

VERSUS

SUFFOLK COUNTY, JOHN DOE, AND RICHARD DOE,

Defendants.

——————————————

**MEMORANDUM AND ORDER**
February 20, 2014

——————————————

JOSEPH F. BIANCO, District Judge:

Plaintiff Nicholas Dolce ("plaintiff") brought this *pro se* action alleging excessive force by two unnamed Suffolk County corrections officers, in violation of 28 U.S.C. § 1983. Defendant Suffolk County ("the County") has moved for summary judgment, arguing that plaintiff failed to exhaust administrative remedies, and that he has not shown evidence of a County policy or custom that caused a violation of his civil rights. The County also notes that plaintiff has not served or even identified any individual defendant, and thus requests that plaintiff's complaint be dismissed in its entirety.

In an order dated December 19, 2013, the Court identified the deficiencies in plaintiff's complaint, ordered the County to provide plaintiff with more information concerning the individual officers, and granted him additional time to amend his complaint. Plaintiff has failed to amend his complaint.

As discussed herein, there is no genuine issue of material fact concerning plaintiff's failure to exhaust administrative remedies. In the alternative, his municipal liability claim fails as a matter of law because he has neither alleged nor identified facts that would allow such a claim to survive summary judgment, and his claim against the individual defendants fails because plaintiff has not identified them, even after the County provided several names pursuant to the Court's *Valentin* order. Moreover, it is clear that amendment of the complaint (which plaintiff has already failed to do in response to a Court order), would be futile in light of the failure to exhaust administrative remedies. Therefore, the County's motion for summary judgment is granted in its entirety.[1]

_____

[1] In keeping with the warning contained in the December 19, 2013 order, the Court may also dismiss

I.  BACKGROUND

Plaintiff filed the complaint in this action on January 5, 2012, along with a request to proceed *in forma pauperis*.  On March 13, 2012, the Court granted plaintiff's motion to proceed *in forma pauperis*.

In the complaint, plaintiff describes two separate incidents of excessive force that he claims to have experienced while incarcerated in Suffolk County.  The first incident is alleged to have occurred on May 8, 2010, when the complaint states that a corrections officer punched, kicked, and shoved him.  (Compl. at 4.)  The second incident is alleged to have occurred on November 10, 2010, when the complaint states that a corrections officer knocked plaintiff down while shackled, causing his left eye to hit the ground.  (*Id.*)  As a result, plaintiff claims that his retina has become detached and that he has experienced chronic pain in his back, legs, and neck, as well as an unspecified mental disorder.  (*Id.*)

When he filed his complaint, plaintiff was unaware of the identities of the corrections officers who allegedly injured him.  Therefore, in the same order in which the Court granted the *in forma pauperis* motion, the Court ordered the Suffolk County Attorney, pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997), to ascertain the names and addresses of the corrections officers involved.  On July 3,

2012, the Court noted the County's failure to comply with the earlier *Valentin* order, and ordered the County to comply with it.

The parties appear to have engaged in discovery after that point, and the County filed the present motion for summary judgment on August 30, 2013.  Plaintiff responded in opposition on October 28, 2013, with a one-paragraph letter asking the Court to deny the motion because of the severity of his injuries.  The County replied on December 1, 2013.

The County's pleadings suggested that the County had never fully complied with the earlier *Valentin* orders, so the Court ordered the County to explain its non-compliance.  By letter dated December 13, 2013, the County explained that it had overlooked the *Valentin* orders due to a clerical error.  The same day, the County began to correct the error by sending a letter to plaintiff naming four officers involved in the November 10, 2010 incident, and promising to continue searching for information concerning the May 8, 2010 incident.  In a follow-up letter dated January 9, 2014, the County informed plaintiff that it had reviewed the jail's logbooks for May 8, 2010, and found no record of an incident involving plaintiff.  Nonetheless, the County attached the logbook entries to the letter, and provided plaintiff with the names of two additional corrections officers who worked in plaintiff's location on that date.

In response to the new information provided by the County, on December 19, 2013, the Court ordered plaintiff to amend his complaint no later than February 7, 2014.  In that order, the Court specifically noted the existing complaint's failure to allege the identities of specific officers, and its failure to describe an unlawful policy or practice by the County.  The Court also

---

the complaint for plaintiff's failure to amend by February 7, 2014.  *See Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) ("The district court…has the power under Fed. R. Civ. P. 41(b) to dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute.").  However, in an abundance of caution, the Court has considered the merits of the summary judgment motion based upon the previously filed complaint and grants the motion for the reasons stated herein.

warned plaintiff that the failure to amend his complaint in a timely fashion would result in dismissal of his complaint with prejudice.

On December 12, 2013, and February 4, 2014, plaintiff wrote brief letters to the Court seeking damages for his injuries. He has not attempted to amend his complaint.

## II.  STANDARD OF REVIEW

The standards for summary judgment are well settled. Pursuant to Federal Rule of Civil Procedure 56(a), a court may only grant a motion for summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of showing that he or she is entitled to summary judgment. *Huminski v. Corsones*, 396 F.3d 53, 69 (2d Cir. 2005). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 122 (2d Cir. 2004) (quoting *Weyant v. Okst*, 101 F.3d 845, 854 (2d Cir. 1996)); *see also Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 248 (1986) (summary judgment is unwarranted if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party").

Once the moving party has met its burden, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with specific facts showing that there is a *genuine issue for trial.*" *Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002) (emphasis in original) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)). As the Supreme Court stated in *Anderson*, "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  *Anderson*, 477 U.S. at 249-50 (citations omitted). Indeed, "the mere existence of *some* alleged factual dispute between the parties" alone will not defeat a properly supported motion for summary judgment. *Id.* at 247-48 (emphasis in original).   Thus, the nonmoving party may not rest upon mere conclusory allegations or denials but must set forth "'concrete particulars'" showing that a trial is needed.  *R.G. Group, Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 77 (2d Cir. 1984) (quoting *SEC v. Research Automation Corp.*, 585 F.2d 31, 33 (2d Cir. 1978)). Accordingly, it is insufficient for a party opposing summary judgment "merely to assert a conclusion without supplying supporting arguments or facts." *BellSouth Telecomms., Inc. v. W.R. Grace & Co.*, 77 F.3d 603, 615 (2d Cir. 1996) (quoting *Research Automation Corp.*, 585 F.2d at 33).

When considering a dispositive motion made by or against a *pro se* litigant, the Court is "mindful that a *pro se* party's pleadings must be 'liberally construed' in

3

favor of that party and are held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). The Second Circuit "liberally construe[s] pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest." *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007) (internal quotation marks and citations omitted). Nonetheless, "[p]roceeding *pro se* does not otherwise relieve a litigant of the usual requirements of summary judgment, and a *pro se* party's bald assertions unsupported by evidence, are insufficient to overcome a motion for summary judgment." *Rodriguez v. Hahn*, 209 F. Supp. 2d 344, 348 (S.D.N.Y. 2002) (internal quotation marks and citation omitted).

The following discussion relies as much on the deficiencies in the complaint as on the summary judgment record. The County styled its motion as one for summary judgment, but the Court may dismiss on the basis of the pleadings alone. *Schwartz v. Compagnie General Transatlantique*, 405 F.2d 270, 273 (2d Cir. 1968) ("Where appropriate, a trial judge may dismiss for failure to state a cause of action upon motion for summary judgment."); *see also Katz v. Molic*, 128 F.R.D. 35, 38 (S.D.N.Y. 1989) (holding that a court may construe a motion for summary judgment as a motion to dismiss without notice to the parties). Here, the Court grants the motion for summary judgment, noting where its decision is based on the deficiencies in the complaint. To the extent that dismissal is based on the complaint alone, that result is particularly appropriate here because plaintiff has failed to amend the complaint and has not cited to the record at all in his filings with this Court. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) ("Rule 56(e) therefore requires

the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.") (internal quotation marks omitted).

### III. DISCUSSION

The County presents three arguments for summary judgment: that plaintiff has failed to exhaust administrative remedies, that he has failed to allege or identify an unlawful County policy or custom, and that he has failed to serve or identify any individual defendants. The Court considers each argument in turn.

#### A. Exhaustion

"The [Prison Litigation Reform Act] provides that 'unexhausted claims cannot be brought in [federal] court.'" *Messa v. Goord*, 652 F.3d 305, 308 (2d Cir. 2011) (quoting *Jones v. Bock*, 549 U.S. 199, 211 (2007)). A plaintiff need not plead exhaustion in the complaint, however, because it is an affirmative defense. *Johnson v. Testman*, 380 F.3d 691, 695 (2d Cir. 2004). Likewise, at summary judgment, "[t]he defendants have the burden of showing that there is no genuine issue of material fact as to exhaustion that would preclude summary judgment." *Johnston v. Maha*, 460 F. App'x. 11, 15 (2d Cir. 2012).

The County has met its burden to show the absence of a genuine issue of material fact concerning plaintiff's non-exhaustion of remedies for each alleged incident. Plaintiff's opposition to the summary judgment motion, which simply requested its denial because of the severity of plaintiff's injuries, did not refer to the summary judgment record or the facts of the

case, much less show that there is a genuine factual question concerning exhaustion.[2] *See* Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324.

With respect to the May 8, 2010 incident, it appears that plaintiff did file a grievance, but did so on May 14, 2010, one day after the 5-day period for filing grievances expired.  (Bogert Aff. ¶ 6). Plaintiff has not attempted to explain his lateness, much less argue that it should be excused under *Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004).  In the absence of any explanation, the Court concludes that plaintiff has not properly exhausted the claim related to May 8, 2010.  *See Woodford v. Ngo*, 548 U.S. 81, 95 (2006) (noting that failure to enforce procedural rules establishing deadlines would allow prisoners to "bypass" administrative remedies in order to proceed to federal court, and expressing confidence that "the PLRA did not create such a toothless scheme").

With respect to the November 10, 2010 incident, the County has also carried its burden to show the absence of a genuine factual issue concerning exhaustion, by submitting an affidavit stating that a thorough search reveals no grievance related to an incident on that date.  (Bogert Aff. ¶ 6.)  Although plaintiff's complaint suggests that he may have filed a grievance,[3] the

complaint is short on the "concrete particulars" showing that further fact-finding is needed on the question of exhaustion, *R.G. Group*, 751 F.2d at 77, and plaintiff has done nothing to further develop the record.

Thus, the Court grants summary judgment for failure to exhaust with respect to both alleged incidents.

### B.  Municipal Liability Claim

Viewing the complaint and the available evidence in a light most favorable to plaintiff, the Court concludes that he has not sufficiently alleged any violation of his civil rights by the County as an entity, much less identified specific facts in the summary judgment record concerning a policy or custom.  To prevail on a claim under Section 1983, a plaintiff must show:  (1) the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, (2) by a person acting under the color of state law. 42 U.S.C. § 1983. Section 1983 does not itself create substantive rights; it offers "'a method for vindicating federal rights elsewhere conferred.'" *Patterson v. Cnty. of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

The Supreme Court has explained that a municipal entity such as the County may be treated as a "person" for purposes of imposing liability under Section 1983 where a plaintiff demonstrates that the constitutional violation complained of was caused by a municipal "policy or custom."

---

[2] When plaintiff was served with the County's summary judgment motion, he also received notice, as required by Local Rule 56.2, that his claims could be dismissed if he did not comply with Rule 56(e) "submit[ting] evidence . . . countering the facts asserted by the defendants and raising issues of fact for trial." (Attachment 5 to Dkt. No. 15.)

[3] Plaintiff checked boxes on a *pro se* "Civil Rights Complaint" form suggesting that he had filed a grievance, but his responses did not distinguish between the two incidents.  In the narrative portion of the complaint, plaintiff stated that he filed a "notice of claim" with respect to the November 10, 2010 incident, but a notice of claim in New York is a

precursor to a lawsuit, *see* GENERAL MUNICIPAL LAW § 50-e, and the Court is aware of no authority for the proposition that it would constitute "proper exhaustion" under the PLRA. *Woodford v. Ngo*, 548 U.S. 81, 91 (2006); *see also Flowers v. City of New York (DOCS)*, 668 F. Supp. 2d 574, 577-78 (S.D.N.Y. 2009) (dismissing for non-exhaustion where plaintiff filed a notice of claim).

*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). "The policy or custom need not be memorialized in a specific rule or regulation." *Kern v. City of Rochester*, 93 F.3d 38, 44 (2d Cir. 1996) (citing *Sorlucco v. N.Y.C. Police Dep't*, 971 F.2d 864, 870 (2d Cir. 1992)). Instead, constitutional violations by government officials that are "persistent and widespread" can be "so permanent and well settled as to constitute a custom or usage with the force of law, and thereby generate municipal liability." *Sorlucco*, 971 F.2d at 870-71 (citing *Monell*, 436 U.S. at 691) (internal quotation marks omitted). Moreover, a policy, custom, or practice of the entity may be inferred where "'the municipality so failed to train its employees as to display a deliberate indifference to the constitutional rights of those within its jurisdiction.'" *Patterson*, 375 F.3d at 226 (quoting *Kern*, 93 F.3d at 44). However, a municipal entity may be held liable only where the entity *itself* commits a wrong; "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691.

Here, plaintiff's *Monell* claim against the County must be dismissed because plaintiff has not identified any policy or custom that is the basis for his claims concerning either the May 8 or November 10 incidents. The County points to the absence of any evidence in the summary judgment record that might establish an unconstitutional municipal policy or custom, and the Court also notes the lack of any allegation related to a policy or custom in the complaint. *See, e.g.*, *Genovese v. Town of Southampton*, 921 F. Supp. 2d 8, 25 (E.D.N.Y. 2013) (granting summary judgment where neither the complaint nor the summary judgment record suggested the existence of an unconstitutional policy or custom); *Houston v. Nassau Cnty.*, No. 08-CV-0882(JFB)(WDW), 2009 WL 605178, at *3 (E.D.N.Y. Mar. 6, 2009) (construing *pro se*

plaintiff's complaint liberally and nonetheless dismissing for lack of policy or custom allegation).

The Court's December 19, 2013 order granting plaintiff leave to amend his complaint specifically identified the lack of any allegation related to a policy or custom, but plaintiff has failed to correct that deficiency by amending his complaint. Because the complaint contains no allegation at all concerning a policy, the Court grants summary judgment with respect to the County.

C.  Individual Defendants

Plaintiff has not amended his complaint to name any individual defendant, even after the County's compliance with the *Valentin* order, and therefore any claim against the unidentified individual defendants must also be dismissed. The "general principle of tort law that a tort victim who cannot identify the tortfeasor cannot bring suit" has been relaxed in actions brought by *pro se* litigants, but it has not been eliminated. *Valentin*, 121 F.3d at 75. In *Valentin*, the Second Circuit noted that the "preferable view" was to allow *pro se* plaintiffs to use the tools of pretrial discovery, and if necessary the aid of the trial court, to determine the identity of the alleged wrongdoers. *Id.*

Here, plaintiff engaged in pretrial discovery, and the Court affirmatively ordered the County to produce names of the officers involved in the alleged incidents. In response, the County provided plaintiff with six names and additional documentary evidence, but plaintiff has still failed to amend his complaint to include allegations against any specific individuals, and none appear to have been served. Of course, this falls far short of plaintiff's obligation to "come forward with specific facts showing

6

that there is a genuine issue for trial." *Caldarola*, 298 F.3d at 160. Accordingly, the Court grants summary judgment with respect to the unnamed individual defendants.

### D. Futility of Leave to Amend

As a final point, though plaintiff has not requested leave to amend his complaint, and has failed to amend when previously given leave, the Court concludes that it would be futile to *sua sponte* grant any further leave to amend in this case. *See McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) ("A district court has discretion to deny leave for good reason, including futility."). Leave to amend is futile if the amended complaint is meritless and would fail to state a claim. *Ho Myung Moolsan Co., Ltd. v. Manitou Mineral Water, Inc.*, 665 F. Supp. 2d 239, 250 (S.D.N.Y. 2009). Here, any amended complaint would fail because plaintiff did not exhaust administrative remedies. *See Jones*, 549 U.S. at 211 ("[U]nexhausted claims cannot be brought in court.").

## IV. CONCLUSION

The County's summary judgment motion is granted because plaintiff has failed to exhaust administrative remedies, has not alleged or identified any evidence of an unlawful custom or policy by the County, and has not named or served any individual defendant, despite having been granted leave to amend the complaint in order to cure its deficiencies. Any further amendment of the complaint would be futile in light of the failure to exhaust, and thus plaintiff's claims are dismissed with prejudice. The Clerk of the Court shall close the case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: February 20, 2014
        Central Islip, NY

* * *

Plaintiff is *pro se*. Defendants are represented by Brian C. Mitchell, Suffolk County Department of Law, 100 Veterans Memorial Highway, P.O. Box 6100, Hauppauge, NY 11788.